1  THOMAS E. FRANKOVICH (State Bar No. 074414)
   THOMAS E. FRANKOVICH,
2  *A PROFESSIONAL LAW CORPORATION*
   4328 Redwood Hwy., Suite 300
3  San Rafael, CA 94903
   Telephone:     (415) 674-8600
4  Facsimile:     (415) 674-9900
   Email:        tfrankovich@disabilitieslaw.com
5
6  Attorney for Plaintiffs
   DAREN HEATHERLY
7  and IRMA RAMIREZ

8              **UNITED STATES DISTRICT COURT**

9           **NORTHERN DISTRICT OF CALIFORNIA**

10

11 DAREN HEATHERLY; and IRMA          )   **CASE NO.**
   RAMIREZ,                           )   **Civil Rights**
12                                    )
           Plaintiffs,                )   **COMPLAINT FOR INJUNCTIVE RELIEF**
13                                    )   **AND DAMAGES:**
14 v.                                 )
                                      )   **1st CAUSE OF ACTION:** For Denial of Access
15 CROSSROADS CENTER; WARD            )   by a Public Accommodation in Violation of the
   BEECHER FLAD and JENNIFER E.       )   Americans with Disabilities Act of 1990 (42
16 FEIGAL, as Trustees of the WARD    )   U.S.C. §12101, *et seq.*)
   BEECHER FLAD and JENNIFER E.       )
17 FEIGAL 2002 REVOCABLE TRUST, dba   )   **2nd CAUSE OF ACTION:** For Denial of Full
   CROSSROADS CENTER;  KO CHONG       )   and Equal Access in Violation of California
18 SU, an individual dba BEAR KOREAN  )   Civil Code §§54, 54.1 and 54.3
   RESTAURANT; and AMY'S CHINESE      )
19 KITCHEN LLC, a California Limited   )   **3rd CAUSE OF ACTION:** For Denial of
   Liability Company dba AMY'S CHINESE )   Accessible Sanitary Facilities in Violation of
20 KITCHEN,                           )   California Health & Safety Code §19955, *et seq.*
                                      )
21         Defendants.                )   **4th CAUSE OF ACTION:** For Denial of
   _____   )   Access to Full and Equal Accommodations,
22                                        Advantages, Facilities, Privileges and/or
                                         Services in Violation of California Civil Code
23                                       §51, *et seq.* (The Unruh Civil Rights Act)
24
25                                       **DEMAND FOR JURY**
26
27
28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1

Plaintiff DAREN HEATHERLY and Plaintiff IRMA RAMIREZ complain of Defendants WARD BEECHER FLAD and JENNIFER E. FEIGAL, as Trustees of the WARD BEECHER FLAD and JENNIFER E. FEIGAL 2002 REVOCABLE TRUST, dba CROSSROADS CENTER;  KO CHONG SU, an individual dba BEAR KOREAN RESTAURANT; and Defendant AMY'S CHINESE KITCHEN LLC, a California Limited Liability Company dba AMY'S CHINESE KITCHEN and allege as follows:

**INTRODUCTION:**

1.      This is a civil rights action for discrimination against persons with physical disabilities, of which class plaintiff DAREN HEATHERLY, plaintiff IRMA RAMIREZ and the disability community are members, for failure to remove architectural barriers structural in nature at defendants' CROSSROADS CENTER/AMY'S CHINESE KITCHEN, a place of public accommodation, thereby discriminatorily denying each plaintiff and the class of other similarly situated persons with physical disabilities access to, the full and equal enjoyment of, opportunity to participate in, and benefit from, the goods, facilities, services, and accommodations thereof. Each plaintiff seeks injunctive relief and damages pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*; California Civil Code §§51, 51.5 and 54, *et seq.*; and California Health & Safety Code §19955, *et seq.*

2.      Plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ each is a person with physical disabilities who, on or about February 3, 2013, February 21, 2014, August 18, 2014 and January 17, 2015 and (**deterred thereafter**), was an invitee, guest, patron, customer at defendants' CROSSROADS CENTER, in the City of Cotati, California.  At said times and places, defendants failed to provide proper legal access to the mall and its tenants' premises each which is a "public accommodation" and/or a "public facility" including, but not limited to signage, parking entrance to KL Bear/Amy's and restroom at KL Bear/Amy's.  The denial of access was in violation of both federal and California legal requirements, and plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ each suffered violation of his/her civil rights to full and equal access, and was embarrassed and humiliated.

///

**JURISDICTION AND VENUE:**

3.    **Jurisdiction:**  This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.* Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same nucleus of operative facts and arising out of the same transactions, are also brought under parallel California law, whose goals are closely tied with the ADA, including but not limited to violations of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et seq.*, including §19959; California Building Code.

4.    **Venue:**  Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is founded on the facts that the real property which is the subject of this action is located at/near 8777 - 8577 Gravenstein Highway, in the City of Cotati, County of Sonoma, State of California, and that plaintiffs' causes of action arose in this county.

**PARTIES:**

5.    Plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ each  is a "physically handicapped person," a "physically disabled person," and a "person with physical disabilities" (hereinafter the terms "physically disabled," "physically handicapped" and "person with physical disabilities" are used interchangeably, as these words have similar or identical common usage and legal meaning, but the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54 and 54.1, and other statutory measures refer to protection of the rights of "physically disabled persons").  Plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ each is a "person with physical disabilities," as defined by all applicable California and United States laws.  Plaintiff IRMA RAMIREZ suffers from Post-Polio syndrome. Plaintiff IRMA RAMIREZ relies on a wheelchair and/or crutches to travel about in public.  Plaintiff DAREN HEATHERLY is afflicted with Multiple Sclerosis and Diabetes. Plaintiff DAREN HEATHERLY relies on a wheelchair to travel about in public.

///

///

Consequently, plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ each is a member of that portion of the public whose rights are protected by the provisions of Health & Safety Code §19955, *et seq.* (entitled "Access to Public Accommodations by Physically Handicapped Persons") and the protections of the Unruh Civil Rights Act, Civil Code §§51 and 51.5 the Disabled Persons Act, Civil Code §54, and the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*

6. **DEFINITIONS:**

    a. **ADAAG** - The Americans with Disabilities Act Accessibility Guidelines of 1990; and The Americans with Disabilities Act Accessibility Guidelines 2010 revision. (Used where applicable).

    b. **ARCHITECTURAL BARRIERS** - Architectural barriers are physical features that limit or prevent people with disabilities from obtaining the goods or services that are offered. They can include but are not limited to the following examples: parking spaces that are too narrow to accommodate people who use wheelchairs; a step or steps at the entrance or to part of the selling space of a store; round doorknobs or door hardware that is difficult to grasp; aisles that are too narrow for a person using a wheelchair; electric scooter, or a walker; a high counter or narrow checkout aisles at a cash register, and fixed tables in eating areas that are too low to accommodate a person using a wheelchair or that have fixed seats that prevent a person using a wheelchair from pulling under the table. Excerpted from the *"ADA Guide for Small Businesses"* with an interlineation modification. http://www.ada.gov/smbustxt.htm. (The descriptive use of the word "barriers" as used herein is synonymous with architectural barriers).

///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

c.     **ELEMENTS -** An architectural or mechanical component of a building, facility, space, or site (e.g., telephone, curb ramp, door, flush valve, drinking fountain, seating, or water closet, toilet seat, dispensers) and/or placement or lack thereof.

d.     **CATEGORICAL ARCHITECTURAL BARRIERS -** Are elements and facilities which are, or can be architectural barriers standing alone or in combination with one another where the element(s)/facility(s) is/are noncomplying or where the combination thereof creates a category. For example:  such as a parking lot, entrance, restroom, lobby, guest room, dining area.

e.     **PHYSICAL FEATURES** - Are synonymous with "Elements."

f.     **FACILITY -** All or any portion of buildings, structures, site improvements, complexes, equipment, roads, walks, passageways, parking lots, or other real or personal property located on a site.

g.     **ENTRANCE -** Any access point to a building or portion of a building or facility used for the purpose of entering.  An entrance includes the approach walk, the vertical access leading to the entrance platform, the entrance platform itself, vestibules if provided, the entry door(s) or gate(s), and the hardware of the entry door(s) or gate(s).

h.     **CLEAR FLOOR SPACE -** The minimum unobstructed floor or ground space required to accommodate a single, stationary wheelchair and occupant.

i.     **ACCESSIBLE ROUTE -** A continuous unobstructed path connecting all accessible elements and spaces of a building or facility.  Interior accessible routes may include corridors, floors, ramps, elevators, lifts, and clear floor space at fixtures.  Exterior accessible routes may include parking access aisles, curb ramps, crosswalks at vehicular ways, walks, ramps, and lifts.

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

         j.      **PATH OF TRAVEL -** A continuous path connecting all elements and spaces of a building or facility.

         k.      **NON COMPLYING -** Not complying with ADAAG and/or the "Readily Achievable Standard" of 28 CFR §36.304.

**PRELIMINARY FACTUAL ALLEGATIONS:**

7.     The CROSSROADS CENTER is a mall comprised of the following public - accommodations: Amy's Chinese Kitchen, Asiana Market, CIA Barbershop, Highway Tattoo, Mattress Direct, Mike's at the Crossroads, Puff Puff Pass, S.O.G. Military Collectibles, and The Jelly Donut, located at/near 8777 - 8577 Gravenstein Highway, Cotati, California 94931.  The CROSSROADS CENTER, its signage, parking entrance to KL Bear/Amy's and restroom at KL Bear/Amy's, and its other facilities are each a "place of public accommodation or facility" subject to the barrier removal requirements of the Americans with Disabilities Act.  On information and belief, each such facility has, since July 1, 1970, undergone "alterations, structural repairs and additions," each of which has subjected the CROSSROADS CENTER and each of its facilities, its signage, parking entrance to KL Bear/Amy's and restroom at KL Bear/Amy's to disability access requirements per the Americans with Disabilities Act Accessibility Guidelines (ADAAG), and the California Building Code.

8.     Defendants WARD BEECHER FLAD and JENNIFER E. FEIGAL, as Trustees of the WARD BEECHER FLAD and JENNIFER E. FEIGAL 2002 REVOCABLE TRUST, dba CROSSROADS CENTER are the owners of the real property (land and building) located at or near 8777 - 8577 Gravenstein Hwy., Cotati, California.

///

///

///

///

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    9.    Defendants WARD BEECHER FLAD and JENNIFER E. FEIGAL, as Trustees of

2  the WARD BEECHER FLAD and JENNIFER E. FEIGAL 2002 REVOCABLE TRUST, dba

3  CROSSROADS CENTER; KO CHONG SU, an individual dba BEAR KOREAN

4  RESTAURANT; and AMY'S CHINESE KITCHEN LLC, a California Limited Liability

5  Company dba AMY'S CHINESE KITCHEN (hereinafter alternatively collectively referred to as

6  "defendants") are the owners and operators, lessors and/or lessees, or agents of the owners,

7  lessors and/or lessees, of the public accommodation known as AMY'S CHINESE KITCHEN

8  (formerly known as KL Bear), located at/near 8777 - 8577 Gravenstein Hwy., Cotati, California,

9  or of the building and/or buildings which constitute said public accommodation.

10    10.    At all times relevant to this complaint, defendants WARD BEECHER FLAD and

11  JENNIFER E. FEIGAL, as Trustees of the WARD BEECHER FLAD and JENNIFER E.

12  FEIGAL 2002 REVOCABLE TRUST, dba CROSSROADS CENTER; KO CHONG SU, an

13  individual dba BEAR KOREAN RESTAURANT; and AMY'S CHINESE KITCHEN LLC, a

14  California Limited Liability Company dba AMY'S CHINESE KITCHEN, own and operate in

15  joint venture the subject CROSSROADS CENTER as a public accommodation.  This

16   mall and the public accommodations comprising it each is open to the general public and

17  conducts business therein.  Each business is a "public accommodation" or "public facility"

18  subject to the requirements of California Civil Code §§51, 51.5 and 54, *et seq.,* Health and Safety

19  code §19955, *et seq.,* and the ADA, 42 U.S.C. §12101, *et seq.*

20    11.    On or about the year of 1993, defendants' and each of them purchased and/or

21   took possessory control of the premises now known as CROSSROADS CENTER.  At all times

22  prior thereto, defendants' and each of them were aware of their obligation prior to the close of

23  escrow, or upon taking possessory interest that public accommodations had a duty to identify and

24  remove architectural barriers and were aware that AMY'S (KL Bear) was not accessible to the

25  disabled.  Nevertheless, defendants' and each of them, operated the subject mall as though it was

26  accessible.

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

12.    At all times stated herein, the active property management failed to identify and advise defendants, and each of them of architectural barriers and the need to remove them, failing to carry out their property management duties.

13.    At all times relevant to this complaint, defendants WARD BEECHER FLAD and JENNIFER E. FEIGAL, as Trustees of the WARD BEECHER FLAD and JENNIFER E. FEIGAL 2002 REVOCABLE TRUST, dba CROSSROADS CENTER; KO CHONG SU, an individual dba BEAR KOREAN RESTAURANT; and AMY'S CHINESE KITCHEN LLC, a California Limited Liability Company dba AMY'S CHINESE KITCHEN are and were jointly and severally responsible to identify and remove architectural barriers at the subject CROSSROADS CENTER/AMY'S (formerly known as KL Bear) pursuant to Code of Federal Regulations title 28, section 36.201(b), which states in pertinent part:

**§ 36.201        General**

(b)    *Landlord and tenant responsibilities.* Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodations subject to the requirements of this part. As between the parties, allocation of responsibility for complying with the obligations of this part may be determined by lease or other contract.

28 CFR §36.201(b)

14.    At all times stated herein, defendants' and each of them with the knowledge that each of them had a continuing obligation to identify and remove architectural barriers where it was readily achievable to do so, failed to adopt a transition plan to provide better and/or compliant access to the subject accommodation.

15.    At all times referred to herein and continuing to the present time, defendants, and each of them, advertised, publicized and held out the CROSSROADS CENTER and AMY'S CHINESE KITCHEN as being handicapped accessible and handicapped usable.

16.    Prior to the operative duties in this complaint, plaintiffs had been to the CROSSROADS CENTER on other occasions.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

17.     On or about February 3, 2013, February 21, 2014, August 18, 2014 and January 17, 2015, plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ each was an invitee and guest at the subject CROSSROADS CENTER and AMY'S CHINESE KITCHEN/KL BEAR, for purposes of food and beverage.  Plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ are husband and wife.

18.     After sending notice letters on March 12, 2014 and March 26, 2014, to the landlord and/or tenant about access problems, plaintiffs returned to the subject CROSSROADS CENTER, for the purposes of participating in the goods and services provided and to see whether this public accommodation had been made more accessible.  Almost a quarter of a century has now passed since the Americans with Disabilities Act of 1990 ("ADA") took effect.

19.     On or about February 3, 2013, February 21, 2014, August 18, 2014 and January 17, 2015, plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ encountered the following architectural barriers in the parking lot of the CROSSROADS CENTER and as a legal result had the following adverse experiences: the alleged van accessible space on the Gravenstein side of the building is not there; there is no van accessible signage; no tow-a-way signage; and an obliterated emblem on the surface of the stall.  Plaintiffs were aware that vehicles would often park in the access aisle thereby effectively blocking its use/plaintiffs were deterred from using the stall for fear of being blocked out; the stall closest to AMY'S CHINESE KITCHEN had an obliterated emblem and lacked no parking singage in the five (5) foot access aisle; a concrete curb next to the aisle prevented deployment of the ramp; it also lacked and did not have the "$250.00 fine" signage or "tow-a-way" signage.  As a result, plaintiffs had to take up two (2) parking stalls.  Plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY had feared someone might vandalize their vehicle for so doing.

20.     On or about February 3, 2013, February 21, 2014, defendant KO CHONG SU, OPERATED K.L. Bear sometime prior to August 18, 2014, and defendant AMY'S CHINESE KITCHEN LLC took over the same space that was occupied by KL Bear and operated a Chinese Restaurant.

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

21.     On or about February 3, 2013, February 21, 2014, August 18, 2014 and January 17, 2015, plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ encountered the following architectural barriers at the front entrance to KL Bear/Amy's and as a legal result had the following adverse experiences: the front door pressure was excessive/resulting in plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ having to struggle to open the door to enter the subject restaurant.  A difficult and uncomfortable task for plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ; the room divider at the entrance reduced strike side clearance as you exit/resulting in plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ to stress and strain in order to open the door to exit.

22.     On or about February 3, 2013, February 21, 2014, August 18, 2014 and January 17, 2015, plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ encountered the following architectural barriers at/in the unisex restroom of KL Bear and/Amy's and as a legal result had the following adverse experiences: the door to the restroom has a door knob/resulting in plaintiff DAREN HEATHERLY struggling to turn the knob in order to open the door; lavatory pipes were not wrapped; water closet was too far from the wall/resulting in plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ having to stress and strain to transfer to and from it; a cabinet in front of the water closet took up clear space/resulting in added difficulties for plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ to maneuver their wheelchairs in the restroom; there was no strike when you exit the restroom/resulting in plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ having to make a series of multiple maneuvers (a difficult task) to position their wheelchairs with the door to open it and exit.

///

///

///

///

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

23.     On or about March 12, 2014, plaintiff IRMA RAMIREZ wrote the manager about access problems:

> "Recently, my husband and I were out shopping and stopped at the Bear Korean Restaurant at the Crossroads Center.   The biggest problem we had is parking . While the parking lot is huge, there really is no usable handicap parking.  The stall down from the restaurant does not have a big enough access aisle to deploy a ramp.  We have to worry about taking up two spaces and have someone vandalize our van.  As to the restaurant, door pressure is really heavy and the partition makes it hard to maneuver in a wheelchair. Also, boxes in the hallway make it hard to use the bathrooms. You need to learn what needs to be done and do it now.  I just gave you the easy things as an example. You need to do your own inspection and take care of everything that is needed to provide access. You could do these things right away. You don't need to take my word for it.  So to help you, please call Pacific ADA and IT Center in Oakland at 1-800-949-4232 and ask them to send you all the information they have on access then you will know what to look at and what needs to be done.  Much of the work can be done by a handyman.  Also, look into the $10,000 tax credit for providing access. Section 44 of the tax code is for the tax credit and section 190 of the tax code is for the deduction. You or your accountant should look into this.  This should be a real help if money is tight.  Anyway, please write me when you get this letter, tell me exactly what you plan on doing and when you plan on having it done.  Give me a date.  Please give the landlord a copy of this letter when you receive it.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

> If you are not the one in charge or don't have the responsibility to do it, would you make sure this letter goes to the person in charge or who can make decisions on what to do. Thanks!"

24.     On or about March 25, 2014, plaintiff IRMA RAMIREZ had received a letter from Lei Zhang dated March 19, 2014, which stated:

> "I received your letter few days ago and thanks for all your suggestions. I did called ADA they told me what we need to do and how can we do. First I need to find a constructor or handyman to fix all the thing that we need to do. But the construct not give me a day yet for now. I just don't want you to wait that long to hear from us. That is why I wrote this for you first and after the constructor give me a date then he will fix it last I will give the letter to the landlord that you sent to me. Again thank you for your suggestions and your time sorry my englist is not that good hope you understand what I trying to say. You can email me at maggieshunli@yahoo.com when you get this letter. Thank you very much."

25.     At no time after March 25, 2014, did plaintiff IRMA RAMIREZ ever hear from the landlord.

26.     On or about March 26, 2014, plaintiff IRMA RAMIREZ wrote a follow-up letter to Lei Zhang.  She stated:

> "Thank you for answering my letter of March 12, 2014.  I was glad to hear that you have contacted a contractor already.  Please write me when you get this letter and send me a copy of the plans from the contractor and let me know when you plan on having the work done.  Give me a date.  Thank you."

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Plaintiff IRMA RAMIREZ never received a response and the letter was not returned to her from the United States Postal Service.

27.     On or about January 18, 2015, and thereafter, plaintiff would have returned to CROSSROADS CENTER but was deterred from returning for the fear that once he/she returned, he/she would encounter all of the same architectural barriers as on the first visit and that not even the easiest barrier(s) would have been removed such as the following: reduced door pressure; moved the partition; and corrected the parking, to make it easier to enjoy the goods, services and opportunities afforded by this public accommodation.

28.     At said times and place, plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ had need to use a restroom.  It did not matter whether it was designated as a men's or women's restroom as long as it was accessible.

29.     Therefore, at said times and place, plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ, encountered the following architectural barriers as stated herein or lack thereof and/or "elements" and "facilities" which constituted architectural barriers and/or categorical architectural barriers and a denial of the proper and legally required access to a public accommodation to persons with physical disabilities including, but not limited to:

a.     lack of the requisite type and number of disabled parking stall(s);

b.     lack of disabled van accessible parking stall(s);

c.     lack of (proper) disabled parking signage;

d.     lack of handicapped accessible parking signage;

e.     lack of tow-a-way signage;

f.     lack of an accessible entrance;

g.     lack of a handicapped-accessible unisex public restroom;

h.     lack of signage, policies, procedures and guidelines to ensure the person(s) with disabilities to the maximum extent possible have an opportunity to share in the same goods, services and opportunities as those afforded to able-bodied persons;

i.     On personal knowledge, information and belief, other public facilities and elements too numerous to list were inaccessible to plaintiff(s) and for use by other persons with physical disabilities similarly situated.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

30.     Specific architectural barriers encountered by plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ at said times and place herein in addition to categorical architectural barriers stated herein and the respective difficulties experienced by plaintiffs as stated herein, the barriers include, but are not limited to:

**PARKING**

- lack of disabled parking signage (i.e., tow-a-way and fine);
- no proper an accessible parking stall(s) and proper access aisle(s);
- unidentifiable / non complying ISA symbol on the surface of parking stall(s);

**ENTRANCE**

- no International Symbol of Accessability (ISA) signage
- inaccessible entrance due to door pressure at 14% and room partition;
- no strike side clearance at door as you exit restroom;

**DINING**

- inaccessible table seating (table height and noncomplying pedestal);

**RESTROOM**

- noncomplying unisex restrooms;
- no International Symbol of Accessability (ISA) signage;
- door knobs and latches that require grasping, turning or pinching;
- no strike side clearance at door;
- toilet that is not usable as whole or in part (19.5 inches at the centerline);
- noncomplying water closet placement from wall;
- cabinet blocking clear space;
- lavatory hardware;
- lavatory p-trap not insulated;
- insufficient clear space.

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    Therefore, as a legal result of encountering each of said elements, plaintiffs experienced one, all,

2    or a combination of the following adverse experiences: stress, strain, difficulty, and discomfort to

3    his/her upper extremities in attempting to and/or using said elements also causing anxiety,

4    disappointment, and embarrassment.

5         31.    At all times as stated herein, plaintiff DAREN HEATHERLY and plaintiff

6    IRMA RAMIREZ encountered architectural barrier(s) as stated herein and/or had personal

7    knowledge of said barrier(s) and knew it would be a futile gesture to attempt to overcome

8    it/them because of his/her disability.

9         32.    At all times stated herein, it was "readily achievable" for defendants to

10   remove some and/or all of the architectural barriers complained of over a reasonable period

11   of time from the date that defendants initially took possession to meet the affirmative duty to

12   identify and remove architectural barriers where it is readily achievable to do so.  In that

13   regard, defendants could have but did not avail themselves of the tax deduction and tax

14   credits provided by  Internal Revenue Services ("IRS") codes 44 and 190, which apply to the

15   costs of barrier removal.

16        33.    At all times and place, each architectural element as stated herein that did

17   not strictly comply with or substantially comply with the ADAAG minimum requirements

18   constituted an architectural barrier which precluded plaintiff DAREN HEATHERLY and

19   plaintiff IRMA RAMIREZ from full and equal opportunities afforded to non disabled

20   persons to the goods and services of the CROSSROADS CENTER and AMY'S.

21        34.    Plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ were and

22   are deterred from returning to the CROSSROADS CENTER so long as architectural

23   barrier(s) complained of that he/she encountered, as stated herein are not ADAAG

24   compliant.

25   ///

26   ///

27   ///

28   ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

35.     At said times and place, when plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ encountered the architectural barriers as stated herein, plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ in seeing a barrier(s) and/or attempting to overcome the barriers to gain access experienced any one or combination of physical difficulty, discomfort, embarrassment, stress, strain, fatigue, anger, annoyance and disappointment. This arose from plaintiffs' physical inability to effectively use his/her upper extremities to easily overcome the architectural barriers as stated herein.  This constitutes a denial of full and equal access to the subject public accommodation and a denial of the opportunity to independently enjoy and participate in the opportunities, goods and services offered to non disabled persons and patrons, invitees and guests.

36.     Said architectural barrier(s) as stated herein deprived and deterred plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ the same full and equal access that a non wheelchair user/non disabled person would enjoy while engaging in the goods, service and opportunities offered at the subject CROSSROADS CENTER.

37.     At all times stated herein, the existence of architectural barriers at defendants' place of public accommodation evidenced "actual notice" of defendants' intent not to comply with the Americans with Disabilities Act of 1990 either then, now or in the future.

38.     On or about March 12, 2014 and March 26, 2014, defendant(s) were sent two (2) letters by or on behalf of plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ advising of their need to take immediate action to remove architectural barriers and requesting a written response upon receipt of his/her letter, promising to immediately remove the barriers and providing a date when that would be accomplished.  Said letters are attached hereto collectively as exhibit "A" and incorporated by reference as though fully set forth herein.

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

39.     As a legal result of defendants WARD BEECHER FLAD and JENNIFER E. FEIGAL, as Trustees of the WARD BEECHER FLAD and JENNIFER E. FEIGAL 2002 REVOCABLE TRUST, dba CROSSROADS CENTER;  KO CHONG SU, an individual dba BEAR KOREAN RESTAURANT; and AMY'S CHINESE KITCHEN LLC, a California Limited Liability Company dba AMY'S CHINESE KITCHEN's failure to act as a reasonable and prudent public accommodation in identifying, removing or creating architectural barriers, policies, practices and procedures that denied access to each plaintiff and other persons with disabilities, each plaintiff suffered the damages as alleged herein.

40.     As a result of the denial of equal access to defendants' facilities due to the acts and omissions of defendants, and each of them, in owning, operating and maintaining these subject public facilities, plaintiff DAREN HEATHERLY suffered violations of plaintiff's civil rights, including, but not limited to his rights under Civil Code §§51, 52, 54, 54.1, and 54.3, *et seq*.

41.     As a result of the denial of equal access to defendants' facilities due to the acts and omissions of defendants, and each of them, in owning, operating and maintaining these subject public facilities, plaintiff IRMA RAMIREZ suffered violations of plaintiff's civil rights, including, but not limited to her rights under Civil Code §§51, 52, 54, 54.1, and 54.3, *et seq*.

42.     Further, plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ suffered emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, upset, anger, frustration, disappointment and worry, expectedly and naturally associated with a person with physical disabilities encountering architectural barrier(s) as stated herein and being denied access, all to his/her damages as prayed hereinafter in an amount within the jurisdiction of this court. No claim is being made for mental and emotional distress over and above that is usually associated with the encountering of architectural barriers and legally resulting in adverse experiences.  No expert testimony regarding this usual mental and emotional distress will be presented at trial in support of the claim for damages.

1    43.    Defendants', and each of their, failure to remove the architectural barriers

2  complained of herein created, at the time of plaintiff DAREN HEATHERLY and plaintiff

3  IRMA RAMIREZ's first visit to said public accommodation, and continues to create

4  continuous and repeated exposure to substantially the same general harmful conditions which

5  caused plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ harm as stated

6  herein.

7    44.    Plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ each was

8  denied his/her rights to equal access to a public facility by defendants WARD BEECHER

9  FLAD and JENNIFER E. FEIGAL, as Trustees of the WARD BEECHER FLAD and

10  JENNIFER E. FEIGAL 2002 REVOCABLE TRUST, dba CROSSROADS CENTER;  KO

11  CHONG SU, an individual dba BEAR KOREAN RESTAURANT; and AMY'S CHINESE

12  KITCHEN LLC, a California Limited Liability Company dba AMY'S CHINESE KITCHEN,

13  because defendants WARD BEECHER FLAD and JENNIFER E. FEIGAL, as Trustees of

14  the WARD BEECHER FLAD and JENNIFER E. FEIGAL 2002 REVOCABLE TRUST, dba

15  CROSSROADS CENTER;  KO CHONG SU, an individual dba BEAR KOREAN

16  RESTAURANT; and AMY'S CHINESE KITCHEN LLC, a California Limited Liability

17  Company dba AMY'S CHINESE KITCHEN maintained a mall and restaurant(s) without

18  access for persons with physical disabilities to its facilities, including but not limited to

19  signage, parking entrance to KL Bear/Amy's and restroom at KL Bear/Amy's, and other

20  public areas as stated herein, and continue to the date of filing this complaint to deny equal

21  access to each plaintiff and other persons with physical disabilities in these and other ways.

22    45.    Construction alterations, if any, carried out by defendants have also triggered

23  access requirements under both California law and the Americans with Disabilities Act of

24  1990.

25    46.    Defendants may have intentionally undertaken to modify and alter existing

26  building(s), and may have failed to make them comply with accessibility requirements under

27  the requirements of ADAAG and California Building Code.

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

47.    Defendants have been negligent in their affirmative duty to identify the architectural barriers complained of herein and negligent in the removal of some or all of said barriers.

48.    Because of defendants' violations, plaintiffs and other persons with physical disabilities are unable to use public facilities such as those owned and operated by defendants on a "full and equal" basis unless such facility is in compliance with the provisions of the Americans with Disabilities Act of 1990, Civil Code §51, Civil Code §54.1 and Health & Safety Code §19955, *et seq.* and other accessibility law as pled herein.  Plaintiffs seek an order from this court compelling defendants to make the CROSSROADS CENTER accessible to persons with disabilities.

49.    Each plaintiff, as described hereinbelow, seeks injunctive relief to require the CROSSROADS CENTER to be made accessible to meet the requirements of both California law and the Americans with Disabilities Act of 1990, whichever is more restrictive, so long as defendants operate the subject mall and restaurant(s) as a public facility.

50.    Plaintiffs believe that even with service of the summons and complaint on defendant(s) and each of them, that defendant(s) will not, under their "continuing obligation" immediately undertake remedial action to identify and remove architectural barriers.

51.    Each plaintiff seeks damages for violation of his/her civil rights for each of their respective visits on February 3, 2013, February 21, 2014, August 18, 2014 and January 17, 2015, for the occasion which each defendant owned the premises or operated KL Bear or Amy's Chinese Kitchen and **deterrence occasions** and seeks statutory damages of not less than $4,000, pursuant to Civil Code §52(a) or alternatively $1000 pursuant to Civil Code §54.3, for each day after his/her visit that the trier of fact (court/jury) determines was the date that some or all remedial work should have been completed under the standard that the landlord and tenant had an ongoing duty to identify and remove architectural barriers where it was readily achievable to do so, which deterred plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ from returning to the subject public accommodation because of his/her knowledge and/or belief that neither some or all architectural barriers had been removed and

1 that said premises remains inaccessible to persons with disabilities whether a wheelchair user

2 or otherwise.  The acts and omission of defendants, and each of them, in failing to provide

3 the required accessible public facilities at the time of each plaintiff's visit and injuries,

4 indicate actual and implied malice toward each plaintiff, and despicable conduct carried out

5 by defendants, and each of them, with a willful and conscious disregard for the rights and

6 safety of each plaintiff and other similarly situated persons, and justify a trebling of damages

7 as provided by Civil Code §§52(a) and 54.3, in order to make a more profound example of

8 defendants, and each of them, to other operators and landlords of other malls and restaurants

9 and other public facilities, and to punish defendants and to carry out the purposes of  the Civil

10 Code §§ 51, 51.5 and 54.

11       52.      At all times stated herein and for post complaint occasions, plaintiff(s) have an

12  absolute unfettered civil right to return to the public accommodation(s) complained of within

13 thirty (30) days intervals until defendants remove all architectural barriers under their

14 continuing obligation to identify and remove architectural barriers.

15       53.      Each plaintiff is informed and believes and therefore alleges that defendants

16 WARD BEECHER FLAD and JENNIFER E. FEIGAL, as Trustees of the WARD

17 BEECHER FLAD and JENNIFER E. FEIGAL 2002 REVOCABLE TRUST, dba

18 CROSSROADS CENTER;  KO CHONG SU, an individual dba BEAR KOREAN

19 RESTAURANT; and AMY'S CHINESE KITCHEN LLC, a California Limited Liability

20 Company dba AMY'S CHINESE KITCHEN, and each of them, caused the subject

21 building(s) which constitute the CROSSROADS CENTER/AMY'S to be constructed, altered

22 and maintained in such a manner that persons with physical disabilities were denied full and

23 equal access to, within and throughout said building(s) of the CROSSROADS CENTER and

24 were denied full and equal use of said public facilities.

25 ///

26 ///

27 ///

28 ///

1  Furthermore, on information and belief, defendants have continued to maintain and operate

2  said mall and restaurant(s) and/or its building(s) in such conditions up to the present time,

3  despite actual and constructive notice to such defendants that the configuration of the

4  CROSSROADS CENTER and/or its building(s) is in violation of the civil rights of persons

5  with physical disabilities, such as plaintiff DAREN HEATHERLY, plaintiff IRMA

6  RAMIREZ and other members of the disability community.  Such construction, modification,

7  ownership, operation, maintenance and practices of such public facilities are in violation of

8  Civil Code §§51, 51.5 and 54, Health and Safety Code §19955, and the ADA, 42 U.S.C.

9  §12101, *et seq.*

10       54.    Defendants' actual and constructive notice that the physical configuration of

11  the facilities including, but not limited to, architectural barriers constituting the

12  CROSSROADS CENTER and/or building(s) was in violation of the civil rights of persons

13  with physical disabilities, such as each plaintiff, includes, but is not limited to, coming into

14  contact with public accommodations with accessible elements and facilities since January 26,

15  1991, communications with invitees and guests, plaintiff IRMA RAMIREZ herself, possibly

16  sponsors of conferences, owners of other restaurants, hotels, motels and businesses, notices

17  they obtained from governmental agencies upon modification, improvement, or substantial

18  repair of the subject premises and other properties owned by these defendants, newspaper

19  articles and trade publications regarding the Americans with Disabilities Act of 1990 and

20  other access laws, public service announcements by former U.S. Attorney General Janet Reno

21  between 1993 and 2000, and other similar information.  Defendants' failure, under state and

22  federal law, to make the CROSSROADS CENTER accessible is further evidence of

23  defendants' conscious disregard for the rights of plaintiffs and other similarly situated

24  persons with disabilities.  Despite being informed of such effect on each plaintiff and other

25  persons with physical disabilities due to the lack of accessible facilities, defendants, and each

26  of them, knowingly and willfully refused to take any steps to rectify the situation and to

27  provide full and equal access for each plaintiff and other persons with physical disabilities to

28  the CROSSROADS CENTER.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  Said defendants, and each of them, have continued such practices, in conscious disregard for

2  the rights of each plaintiff and other persons with physical disabilities, up to the date of filing

3  of this complaint, and continuing thereon.  Defendants had further actual knowledge of the

4  architectural barriers referred to herein by virtue of the demand letter addressed to the

5  defendants and served concurrently with the summons and complaint.  Said conduct, with

6  knowledge of the effect it was and is having on plaintiffs and other persons with physical

7  disabilities, constitutes despicable conduct in conscious disregard of the rights and safety of

8  each plaintiff and of other similarly situated persons, justifying the imposition of treble

9  damages per Civil Code §§52 and 54.3.

10       55.    Plaintiff DAREN HEATHERLY, plaintiff IRMA RAMIREZ and the

11  disability community, consisting of persons with disabilities, would, could and will return to

12  the subject public accommodation when it is made accessible to persons with disabilities.

13  **I.    FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC**
    **ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH**
14  **DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**
    (On behalf of Plaintiff DAREN HEATHERLY and Plaintiff IRMA RAMIREZ, and
15  Against Defendants WARD BEECHER FLAD and JENNIFER E. FEIGAL, as
    Trustees of the WARD BEECHER FLAD and JENNIFER E. FEIGAL 2002
16  REVOCABLE TRUST, dba CROSSROADS CENTER; KO CHONG SU, an
    individual dba BEAR KOREAN RESTAURANT; and AMY'S CHINESE KITCHEN
17  LLC, a California Limited Liability Company dba AMY'S CHINESE KITCHEN,
    inclusive)
18
19  (42 U.S.C. §12101, *et seq*.)

20       56.    Plaintiffs replead and incorporate by reference, as if fully set forth again

21  herein, the allegations contained in paragraphs 1 through 55 of this complaint.

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

57.     Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C. §12101 regarding persons with physical disabilities, finding that laws were needed to more fully protect:

> some 43 million Americans with one or more physical or mental disabilities; [that] historically society has tended to isolate and segregate individuals with disabilities; [that] such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; [that] the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; [and that] the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous.

58.     Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

> It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

///

///

///

///

///

///

///

///

///

///

59.     As part of the Americans with Disabilities Act of 1990, Public Law 101-336 (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*).  Among the public accommodations identified for purposes of this title was:

> (7)     PUBLIC ACCOMMODATION - The following private entities are considered public accommodations for purposes of this title, if the operations of such entities affect commerce -
>
> ---
>
> (B) a restaurant, bar or other establishment serving food or drink;
>
> (E) a bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment; and
>
> (F) a laundromat, dry-cleaner, bank, barber shop, beauty parlor, travel service, shoe repair service, funeral parlor, gas station, office of an accountant or lawyer, pharmacy, insurance office, professional office of a health care provider, hospital or other service establishment.

42 U.S.C. §12181(7)(B)(E) and (F)

60.     Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

61.     The specific prohibitions against discrimination set forth in §302(b)(2)(a), 42 U.S.C. §12182(b)(2)(a) are:

> (I)     the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;

///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

24

1           (ii)     a failure to make reasonable modifications in
policies, practices, or procedures, when such modifications are

2    necessary to afford such goods, services, facilities, privileges,
advantages or accommodations to individuals with disabilities,

3    unless the entity can demonstrate that making such
modifications would fundamentally alter the nature of such

4    goods, services, facilities, privileges, advantages, or
accommodations;

5

6           (iii)    a failure to take such steps as may be necessary
to ensure that no individual with a disability is excluded,
denied services, segregated or otherwise treated differently than

7    other individuals because of the absence of auxiliary aids and
services, unless the entity can demonstrate that taking such

8    steps would fundamentally alter the nature of the good, service,
facility, privilege, advantage, or accommodation being offered

9    or would result in an undue burden;

10          (iv)    a failure to remove architectural barriers, and
communication barriers that are structural in nature, in existing

11   facilities . . . where such removal is readily achievable; and

12          (v)     where an entity can demonstrate that the
removal of a barrier under clause (iv) is not readily achievable,

13   a failure to make such goods, services, facilities, privileges,
advantages or accommodations available through alternative

14   methods if such methods are readily achievable.

15   The acts of defendants set forth herein were a violation of each plaintiff's rights under the

16   ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et*

17   *seq.* - Effective January 31, 1993, the standards of the ADA were also incorporated into

18   California Civil Code §51, making available the damage remedies incorporated into Civil

19   Code §51 and 52(a) and 54.3.

20        62.    The removal of the barriers complained of by plaintiffs as hereinabove alleged

21   were at all times after January 26, 1992 "readily achievable" as to the subject building(s) of

22   the CROSSROADS CENTER pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv).  On

23   information and belief, if the removal of all the barriers complained of herein together was

24   not "readily achievable," the removal of each individual barrier complained of herein was

25   "readily achievable."  On information and belief, defendants' failure to remove said barriers

26   was likewise due to discriminatory practices, procedures and eligibility criteria, as defined by

27   42 U.S.C. §12182 (b)(2)(A)(i)and (ii).

28   ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

63.     Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense."  The statute defines relative "expense" in part in relation to the total financial resources of the entities involved.  Each plaintiff alleges that properly repairing, modifying, or altering each of the items that plaintiffs complains of herein were and are "readily achievable" by the defendants under the standards set forth under §301(9) of the Americans with Disabilities Act. Furthermore, if it was not "readily achievable" for defendants to remove each of such barriers, defendants have failed to make the required services available through alternative methods which were readily achievable.

64.     On information and belief, construction work on, and modifications of, the subject building(s) of the CROSSROADS CENTER/AMY'S CHINESE KITCHEN occurred after the compliance date for the Americans with Disabilities Act, January 26, 1992, independently triggering access requirements under Title III of the ADA.

65.     Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et seq.*, plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as each plaintiff is being subjected to discrimination on the basis of disability in violation of this title or have reasonable grounds for believing that plaintiff is about to be subjected to discrimination in violation of §302. Each plaintiff is deterred from returning to or making use of the public facilities complained of herein so long as the premises and defendants' policies bar full and equal use by persons with physical disabilities.

66.     42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this title does not intend to comply with its provisions."  Pursuant to this section, plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZeach has not returned to defendants' premises since on or about January 17, 2015 but on information and belief, alleges that defendants have continued to violate the law and deny the rights of each plaintiff and of other persons with physical disabilities to access this public accommodation.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1 Pursuant to 42 USC §12188(a)(2), "In cases of violations of §302(b)(2)(A)(iv) . . . injunctive

2 relief shall include an order to alter facilities to make such facilities readily accessible to and

3 usable by individuals with disabilities to the extent required by this title."

4       67.    Each plaintiff seeks relief pursuant to remedies set forth in §204(a) of the

5 Civil Rights Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations

6 adopted to implement the Americans with Disabilities Act of 1990, including but not limited

7 to an order granting injunctive relief and attorneys' fees.  Each plaintiff will seek attorneys'

8 fees conditioned upon being deemed to be the prevailing party.

9 **II.**      **SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL**
          **ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND**
10           **54.3, ET SEQ.**
          (On Behalf of Plaintiff DAREN HEATHERLY and Plaintiff IRMA RAMIREZ, and
11           Against Defendants WARD BEECHER FLAD and JENNIFER E. FEIGAL, as
          Trustees of the WARD BEECHER FLAD and JENNIFER E. FEIGAL 2002
12           REVOCABLE TRUST, dba CROSSROADS CENTER; KO CHONG SU, an
          individual dba BEAR KOREAN RESTAURANT; and AMY'S CHINESE KITCHEN
13           LLC, a California Limited Liability Company dba AMY'S CHINESE KITCHEN,
14           inclusive)
15           (California Civil Code §§54, 54.1, 54.3, *et seq.*)

16       68.    Plaintiffs replead and incorporate by reference as if fully set forth again herein,

17 the allegations contained in paragraphs 1 through 67 of this complaint.

18       69.    At all times relevant to this action, California Civil Code §54 has provided

19 that persons with physical disabilities are not to be discriminated against because of physical

20 handicap or disability.  This section provides that:

21

22                     (a) Individuals with disabilities . . . have the same rights
                as the general public to full and free use of the streets,
23                 highways, sidewalks, walkways, public buildings, medical
                facilities, including hospitals, clinics, and physicians' offices,
24                 and other public places.
///
25 ///

26 ///

27 ///

28

70.     California Civil Code §54.1 provides that persons with disabilities shall not be denied full and equal access to places of public accommodation or facilities:

> (a)(1) Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, and privileges of all common carriers, airplanes, motor vehicles, railroad trains, motorbuses, streetcars, boats, or any other public conveyances or modes of transportation (whether private, public, franchised, licensed, contracted, or otherwise provided), telephone facilities, adoption agencies, private schools, hotels, lodging places, places of public accommodation, amusement or resort, and other places to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons.

Civil Code §54.1(a)(1)

71.     California Civil Code §54.1 further provides that a violation of the Americans with Disabilities Act of 1990 constitutes a violation of section 54.1:

> (d) A violation of the right of an individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) also constitutes a violation of this section, and nothing in this section shall be construed to limit the access of any person in violation of that act.

Civil Code §54.1(d)

72.     Plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ each is a person within the meaning of Civil Code §54.1 whose rights have been infringed upon and violated by the defendants, and each of them, as prescribed by Civil Code §§54 and 54.1. Each specific architectural barrier which defendants knowingly and willfully fail and refuse to remove constitutes a separate act in violation of Civil Code §§54 and 54.1. Each plaintiff has been and continue to be denied full and equal access to defendants' CROSSROADS CENTER/AMY'S.

///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

As a legal result, each plaintiff is entitled to seek damages pursuant to a court or jury determination, in accordance with California Civil Code §54.3(a) for each day on which he/she visited or have been deterred from visiting the mall because of his/her knowledge and belief that the mall and restaurant(s) each is inaccessible to persons with disabilities. California Civil Code §54.3(a) provides:

> Any person or persons, firm or corporation, who denies or interferes with admittance to or enjoyment of the public facilities as specified in Sections 54 and 54.1 or otherwise interferes with the rights of an individual with a disability under Sections 54, 54.1 and 54.2 is liable for each offense for the actual damages and any amount as may be determined by a jury, or the court sitting without a jury, up to a maximum of three times the amount of actual damages but in no case less than . . .one thousand dollars ($1,000) and . . . attorney's fees as may be determined by the court in addition thereto, suffered by any person denied any of the rights provided in Sections 54, 54.1 and 54.2.

Civil Code §54.3(a)

73.     On or about February 3, 2013, February 21, 2014, August 18, 2014 and January 17, 2015, for the occasion which each defendant owned the premises or operated KL Bear or Amy's Chinese Kitchen and **deterrence occasion(s)**, plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ on each of their respective visits as stated herein suffered violations of Civil Code §§54 and 54.1 in that plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ each was denied access to signage, parking entrance to KL Bear/Amy's and restroom at KL Bear/Amy's and other public facilities as stated herein at the CROSSROADS CENTER and on the basis that plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ each was a person with physical disabilities.

74.     As a result of the denial of equal access to defendants' facilities due to the acts and omissions of defendants, and each of them, in owning, operating and maintaining these subject public facilities, plaintiff DAREN HEATHERLY suffered violations of plaintiff's civil rights, including, but not limited to his rights under Civil Code §§51, 52, 54, 54.1, and 54.3, *et seq*.

///

75.     As a result of the denial of equal access to defendants' facilities due to the acts and omissions of defendants, and each of them, in owning, operating and maintaining these subject public facilities, plaintiff IRMA RAMIREZ suffered violations of plaintiff's civil rights, including, but not limited to her rights under Civil Code §§51, 52, 54, 54.1, and 54.3, *et seq.*

76.     Further, plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ each suffered emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, upset, anger, frustration, disappointment and worry, expectedly and naturally associated with a person with physical disabilities encountering architectural barrier(s) as stated herein and being denied access, all to his/her damages as prayed hereinafter in an amount within the jurisdiction of this court. No claim is being made for mental and emotional distress over and above that is usually associated with the encountering of architectural barriers and legally resulting in adverse experiences.  No expert testimony regarding this usual mental and emotional distress will be presented at trial in support of the claim for damages.

77.     Each plaintiff has been damaged by defendants', and each of their, wrongful conduct and seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 for violation of each plaintiff's rights as a person or an entity that represents persons with physical disabilities on or about February 3, 2013, February 21, 2014, August 18, 2014 and January 17, 2015, for the occasion which each defendant owned the premises or operated KL Bear or Amy's Chinese Kitchen and **deterrence occasion(s)**, and on a continuing basis since then, including statutory damages, a trebling of all of actual damages, general and special damages available pursuant to §54.3 of the Civil Code according to proof.

78.     As a result of defendants', and each of their, acts and omissions in this regard, each plaintiff has been required to incur legal expenses and hire attorneys in order to enforce each plaintiff's rights and enforce the provisions of the law protecting access for persons with physical disabilities and prohibiting discrimination against persons with physical disabilities.
///

1  Pursuant to the provisions of Civil Code §54.3, each plaintiff therefore will seek recovery in

2  this lawsuit for all reasonable attorneys' fees and costs incurred if deemed the prevailing

3  party.  Additionally, plaintiffs' lawsuit is intended not only to obtain compensation for

4  damages to plaintiffs, but also to compel the defendants to make their facilities accessible to

5  all members of the public with disabilities, justifying public interest attorneys' fees, if

6  deemed the prevailing party, pursuant to the provisions of §1021.5 of the Code of Civil

7  Procedure.

8  **III.    THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY
          FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET.***
9  ***SEQ.***

   (On Behalf of Plaintiff DAREN HEATHERLY and Plaintiff IRMA RAMIREZ, and
10  Against Defendants WARD BEECHER FLAD and JENNIFER E. FEIGAL, as

11  Trustees of the WARD BEECHER FLAD and JENNIFER E. FEIGAL 2002
   REVOCABLE TRUST, dba CROSSROADS CENTER; KO CHONG SU, an
12  individual dba BEAR KOREAN RESTAURANT; and AMY'S CHINESE KITCHEN

13  LLC, a California Limited Liability Company dba AMY'S CHINESE KITCHEN,
   inclusive)
14  (Health & Safety Code §19955, *et seq.*)

15       79.    Plaintiffs replead and incorporate by reference, as if fully set forth again

16  herein, the allegations contained in paragraphs 1 through 78 of this complaint.

17       80.    Health & Safety Code §19955 provides in pertinent part:

18              The purpose of this part is to insure that public
                accommodations or facilities constructed in this state with
19              private funds adhere to the provisions of Chapter 7
                (commencing with Sec. 4450) of Division 5 of Title 1 of the
20              Government Code.  For the purposes of this part "public
                accommodation or facilities" means a building, structure,
21              facility, complex, or improved area which is used by the
                general public and shall include auditoriums, hospitals,
22              theaters, restaurants, hotels, motels, stadiums, and convention
                centers.  When sanitary facilities are made available for the
23              public, clients or employees in such accommodations or
                facilities, they shall be made available for the handicapped.

24  ///

25  ///

26  ///

27  ///

28  ///

81.     Health & Safety Code §19956, which appears in the same chapter as §19955, provides in pertinent part, "accommodations constructed in this state shall conform to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code . . . ."  Health & Safety Code §19956 was operative July 1, 1970, and is applicable to all public accommodations constructed or altered after that date.  On information and belief, portions of the CROSSROADS CENTER and/or of the building(s) were constructed and/or altered after July 1, 1970, and substantial portions of the CROSSROADS CENTER and/or the building(s) had alterations, structural repairs, and/or additions made to such public accommodations after July 1, 1970, thereby requiring said mall and/or building to be subject to the requirements of Part 5.5, §19955, *et seq.*, of the Health & Safety Code upon such alteration, structural repairs or additions per Health & Safety Code §19959.

82.     Pursuant to the authority delegated by Government Code §4450, *et seq*, the State Architect promulgated regulations for the enforcement of these provisions.  Effective July 1, 1982, Title 24 of the California Building Standards Code adopted the California State Architect's Regulations and these regulations must be complied with as to any alterations and/or modifications of CROSSROADS CENTER and/or the building(s) occurring after that date.  Construction changes occurring prior to this date but after July 1, 1970 triggered access requirements pursuant to the "ASA" requirements, the American Standards Association Specifications, A117.1-1961.  On information and belief, at the time of the construction and modification of said building, all buildings and facilities covered were required to conform to each of the standards and specifications described in the American Standards Association Specifications and/or those contained in the California Building Code.

83.     Malls and restaurants such as the CROSSROADS CENTER and AMY'S CHINESE GARDEN are "public accommodations or facilities" within the meaning of Health & Safety Code §19955, *et seq*.

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    84.    As a result of the actions and failure to act of defendants, and as a result of the

2  failure to provide proper and legally handicapped-accessible public facilities, each plaintiff

3  was denied plaintiff's rights to full and equal access to public facilities and suffered a loss of

4  each plaintiff's civil rights and each plaintiff's rights as a person with physical disabilities to

5  full and equal access to public facilities.

6    85.    Attorneys' Fees -- As a result of defendants' acts and omissions in this regard,

7  each plaintiff has been required to incur legal expenses and hire attorneys in order to enforce

8  each plaintiff's civil rights and enforce provisions of the law protecting access for the persons

9  with physical disabilities and prohibiting discrimination against the persons with physical

10  disabilities, and to take such action both in each plaintiff's own interests and in order to

11  enforce an important right affecting the public interest.  Each plaintiff, therefore, seeks in this

12  lawsuit the recovery of all reasonable attorneys' fees incurred, pursuant to the provisions of

13  the Code of Civil Procedure §1021.5.  Each plaintiff additionally seeks attorneys' fees

14  pursuant to Health & Safety Code §19953 and Civil Code §§54.3 and/or in the alternative,

15  each plaintiff will seek attorneys' fees, costs and litigation expenses pursuant to §204(a) of

16  the Civil Rights Act of 1964 (42 U.S.C. 200(a)-3(a)).  Each plaintiff will seek attorneys' fees

17  conditioned upon being deemed to be the prevailing party.

18    86.    Each plaintiff seeks injunctive relief for an order compelling defendants, and

19  each of them, to make the subject place of public accommodation readily accessible to and

20  usable by persons with disabilities.

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**IV.    FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiff DAREN HEATHERLY and Plaintiff IRMA RAMIREZ, and Against Defendants WARD BEECHER FLAD and JENNIFER E. FEIGAL, as Trustees of the WARD BEECHER FLAD and JENNIFER E. FEIGAL 2002 REVOCABLE TRUST, dba CROSSROADS CENTER; KO CHONG SU, an individual dba BEAR KOREAN RESTAURANT; and AMY'S CHINESE KITCHEN LLC, a California Limited Liability Company dba AMY'S CHINESE KITCHEN, inclusive)
(Civil Code §51, 51.5)

87.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 86 of this complaint.

88.    Defendants' actions and omissions and failure to act as a reasonable and prudent public accommodation in identifying, removing and/or creating architectural barriers, policies, practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act.  The Unruh Act provides:

> This section shall be known, and may be cited, as the Unruh Civil Rights Act.

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, or **disability** are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

> This section shall not be construed to confer any right or privilege on a person that is conditioned or limited by law or that is applicable alike to persons of every sex, color, race, religion, ancestry, national origin, or **disability.**

> Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair, or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict, or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other . . . laws.

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

> A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section.

As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the "intent" of the defendants in not complying with barrier removal is not an issue.  Hence, the failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or failing to act to identify and remove barriers can be construed as a "negligent per se" act of defendants, and each of them.

89.    The acts and omissions of defendants stated herein are discriminatory in nature and in violation of Civil Code §51.5:

> No business establishment of any kind whatsoever shall discriminate against, boycott or blacklist, refuse to buy from, sell to, or trade with any person in this state because of the race, creed, religion, color, national origin, sex, or **disability** of the person or of the person's partners, members, stockholders, directors, officers, managers, superintendents, agents, employees, business associates, suppliers, or customers.

> As used in this section, "person" includes any person, firm association, organization, partnership, business trust, corporation, limited liability company, or company.

> Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other laws.

90.    Defendants' acts and omissions as specified have denied each plaintiff full and equal accommodations, advantages, facilities, privileges and services in a business establishment, on the basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil Rights Act.  Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section."

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Each plaintiff accordingly incorporates the entirety of his/her above cause of action for violation of the Americans with Disabilities Act at ¶56, *et seq.*, as if repled herein.

91.     As a result of the denial of equal access to defendants' facilities due to the acts and omissions of defendants, and each of them, in owning, operating and maintaining these subject public facilities, plaintiff DAREN HEATHERLY suffered violations of plaintiff's civil rights, including, but not limited to his rights under Civil Code §§51, 52, 54, 54.1, and 54.3, *et seq.*

92.     As a result of the denial of equal access to defendants' facilities due to the acts and omissions of defendants, and each of them, in owning, operating and maintaining these subject public facilities, plaintiff IRMA RAMIREZ suffered violations of plaintiff's civil rights, including, but not limited to her rights under Civil Code §§51, 52, 54, 54.1, and 54.3, *et seq.*

93.     Further, plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ each suffered emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, upset, anger, frustration, disappointment and worry, expectedly and naturally associated with a person with physical disabilities encountering architectural barrier(s) as stated herein and being denied access, all to his/her damages as prayed hereinafter in an amount within the jurisdiction of this court. No claim is being made for mental and emotional distress over and above that is usually associated with the encountering of architectural barriers and legally resulting in adverse experiences.  No expert testimony regarding this usual mental and emotional distress will be presented at trial in support of the claim for damages.

94.     Plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ are entitled to the rights and remedies of §52(a) of the Civil Code, including trebling of actual damages (defined by §52(h) of the Civil Code to mean "special and general damages"), as well as to reasonable attorneys' fees and costs, as is allowed by statute, according to proof if deemed to be the prevailing party.

///

**PRAYER:**

Plaintiffs pray that this court award damages and provide relief as follows:

**I. PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, *et seq.*)**
(On Behalf of Plaintiff DAREN HEATHERLY and Plaintiff IRMA RAMIREZ, and Against Defendants WARD BEECHER FLAD and JENNIFER E. FEIGAL, as Trustees of the WARD BEECHER FLAD and JENNIFER E. FEIGAL 2002 REVOCABLE TRUST, dba CROSSROADS CENTER; KO CHONG SU, an individual dba BEAR KOREAN RESTAURANT; and AMY'S CHINESE KITCHEN LLC, a California Limited Liability Company dba AMY'S CHINESE KITCHEN, inclusive)
(42 U.S.C. §12101, *et seq.*)

1. For injunctive relief, compelling defendants WARD BEECHER FLAD and JENNIFER E. FEIGAL, as Trustees of the WARD BEECHER FLAD and JENNIFER E. FEIGAL 2002 REVOCABLE TRUST, dba CROSSROADS CENTER; KO CHONG SU, an individual dba BEAR KOREAN RESTAURANT; and AMY'S CHINESE KITCHEN LLC, a California Limited Liability Company dba AMY'S CHINESE KITCHEN, inclusive, to make the CROSSROADS CENTER/AMY'S CHINESE KITCHEN, located at 8777 - 8577 Gravenstein Highway, Cotati, California, readily accessible to and usable by individuals with disabilities, per 42 U.S.C §12181, *et seq*., and to make reasonable modifications in policies, practice, eligibility criteria and procedures so as to afford full access to the goods, services, facilities, privileges, advantages and accommodations being offered.

2. For attorneys' fees, litigation expenses and costs of suit, if plaintiffs are deemed the prevailing party; and

3. For such other and further relief as the court may deem proper.

///
///
///
///
///
///

**II.    PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, *ET SEQ.***

(On Behalf of Plaintiff DAREN HEATHERLY and Plaintiff IRMA RAMIREZ, and Against  Defendants WARD BEECHER FLAD and JENNIFER E. FEIGAL, as Trustees of the WARD BEECHER FLAD and JENNIFER E. FEIGAL 2002 REVOCABLE TRUST, dba CROSSROADS CENTER; KO CHONG SU, an individual dba BEAR KOREAN RESTAURANT; and AMY'S CHINESE KITCHEN LLC, a California Limited Liability Company dba AMY'S CHINESE KITCHEN, inclusive)

(California Civil Code §§54, 54.1, 54.3, *et seq.*)

1.      For injunctive relief, compelling defendants WARD BEECHER FLAD and JENNIFER E. FEIGAL, as Trustees of the WARD BEECHER FLAD and JENNIFER E. FEIGAL 2002 REVOCABLE TRUST, dba CROSSROADS CENTER; KO CHONG SU, an individual dba BEAR KOREAN RESTAURANT; and AMY'S CHINESE KITCHEN LLC, a California Limited Liability Company dba AMY'S CHINESE KITCHEN, inclusive, to make the CROSSROADS CENTER/AMY'S CHINESE KITCHEN, located at 8777 - 8577 Gravenstein Highway, Cotati, California, readily accessible to and usable by individuals with disabilities, per state law.

2.      Statutory damages as afforded by Civil Code §54.3 for the date of incident and for each occasion on which plaintiffs were deterred from returning to the subject public accommodation.

3.      Attorneys' fees pursuant to Civil Code §54.3 and Code of Civil Procedure §1021.5, if plaintiffs are deemed the prevailing party;

4.      Treble damages pursuant to Civil Code §54.3;

5.      General damages according to proof;

6.      For all costs of suit;

7.      Prejudgment interest pursuant to Civil Code §3291; and

8.      Such other and further relief as the court may deem just and proper.

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**III.   PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***

(On Behalf of Plaintiff DAREN HEATHERLY and Plaintiff IRMA RAMIREZ, and Against Defendants WARD BEECHER FLAD and JENNIFER E. FEIGAL, as Trustees of the WARD BEECHER FLAD and JENNIFER E. FEIGAL 2002 REVOCABLE TRUST, dba CROSSROADS CENTER; KO CHONG SU, an individual dba BEAR KOREAN RESTAURANT; and AMY'S CHINESE KITCHEN LLC, a California Limited Liability Company dba AMY'S CHINESE KITCHEN, inclusive)

(Health & Safety code §19955, *et seq.*)

1.   For injunctive relief, compelling defendants WARD BEECHER FLAD and JENNIFER E. FEIGAL, as Trustees of the WARD BEECHER FLAD and JENNIFER E. FEIGAL 2002 REVOCABLE TRUST, dba CROSSROADS CENTER; KO CHONG SU, an individual dba BEAR KOREAN RESTAURANT; and AMY'S CHINESE KITCHEN LLC, a California Limited Liability Company dba AMY'S CHINESE KITCHEN, inclusive, to make the CROSSROADS CENTER/AMY'S CHINESE KITCHEN, located at 8777 - 8577 Gravenstein Highway, Cotati, California, readily accessible to and usable by individuals with disabilities, per state law.

2.   For attorneys' fees pursuant to Code of Civil Procedure §1021.5, and/or, alternatively, Health & Safety Code §19953, if plaintiffs are deemed the prevailing party;

3.   For all costs of suit;

4.   For prejudgment interest pursuant to Civil Code §3291;

5.   Such other and further relief as the court may deem just and proper.

///
///
///
///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**IV.  PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**

(On Behalf of Plaintiff DAREN HEATHERLY and Plaintiff IRMA RAMIREZ, and Against Defendants WARD BEECHER FLAD and JENNIFER E. FEIGAL, as Trustees of the WARD BEECHER FLAD and JENNIFER E. FEIGAL 2002 REVOCABLE TRUST, dba CROSSROADS CENTER; KO CHONG SU, an individual dba BEAR KOREAN RESTAURANT; and AMY'S CHINESE KITCHEN LLC, a California Limited Liability Company dba AMY'S CHINESE KITCHEN, inclusive)

(California Civil Code §§51, 51.5, *et seq.*)

1.  All statutory damages as afforded by Civil Code §52(a) for the date of incident and for each occasion on which plaintiffs were deterred from returning to the subject public accommodation;

2.  Attorneys' fees pursuant to Civil Code §52(a), if plaintiffs are deemed the prevailing party;

3.  General damages according to proof;

4.  Treble damages pursuant to Civil Code §52(a);

5.  For all costs of suit;

6.  Prejudgment interest pursuant to Civil Code §3291; and

7.  Such other and further relief as the court may deem just and proper.


Dated: January 23, 2015                    THOMAS E. FRANKOVICH,
                                           *A PROFESSIONAL LAW CORPORATION*



                                           By: ___ /s/Thomas E. Frankovich_____
                                                   Thomas E. Frankovich
                                           Attorney for Plaintiff DAREN HEATHERLY and
                                           Plaintiff IRMA RAMIREZ


///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1

**DEMAND FOR JURY TRIAL**

2

Plaintiffs hereby demand a jury for all claims for which a jury is permitted.

3

4 Dated: January 23, 2015                    THOMAS E. FRANKOVICH,
                                             *A PROFESSIONAL LAW CORPORATION*

5

6

7                                            By: ___/s/Thomas E. Frankovich_____
                                                 _____ Thomas E. Frankovich
8                                            Attorney for Plaintiff DAREN HEATHERLY and
                                             Plaintiff IRMA RAMIREZ

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES